[635 NYS2d 526]

In the Matter of STUART B. CASSELL (Admitted as STUART BER-
NARD CASSELL), a Suspended Attorney. GRIEVANCE COM-
MITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS,
Petitioner.

Second Department, December 4, 1995

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* and *Robert J. Saltzman* of counsel), for petitioner.

*Nicholas C. Cooper,* Brooklyn, for resignor.

## OPINION OF THE COURT

Per Curiam.

Stuart B. Cassell has submitted an affidavit dated November 13, 1995, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

Mr. Cassell concedes in his affidavit that he is the subject of a pending disciplinary proceeding in which it is alleged that he is guilty of failing to promptly pay or deliver to clients funds entrusted to him, which the clients were entitled to receive; converting client funds to his own use; giving false testimony at the Grievance Committee offices; filing false retainer and closing statements; failing to maintain adequate balances in his escrow account; and commingling funds. Mr. Cassell is also aware of a separate pending investigation by the Grievance Committee in which he is alleged to have converted additional client funds entrusted to him. He acknowledges that he cannot successfully defend himself on the merits against those charges in the proceeding brought against him by the Grievance Committee. Nor could he defend himself in the event the matters currently under investigation were made the subject of additional charges.

Mr. Cassell withdrew his answer, dated October 20, 1995, to the Grievance Committee's petition and unequivocally waived any and all further appearances, both individual and by his attorney, before the designated Special Referee. It is evident from Mr. Cassell's affidavit that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress.

Mr. Cassell avers that his resignation is submitted subject to Judiciary Law § 90 (6-a). Mr. Cassell thereby acknowledges

that he is submitting his resignation subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and/or reimburse the Lawyers' Fund for Client Protection of the State of New York. By submitting his resignation subject to Judiciary Law § 90 (6-a), Mr. Cassell acknowledges the continuing jurisdiction of the Court to issue an order of restitution and is held to an awareness that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him.

Under the circumstances, the resignation of Stuart B. Cassell as a member of the Bar is accepted and directed to be filed. Accordingly, Stuart B. Cassell is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

On the Court's own motion, a conservator is appointed to inventory the files of the disbarred attorney pursuant to 22 NYCRR 691.10 (g) to take such action as is deemed proper and advisable to protect the interests of his former clients and for the protection of the interests of the disbarred attorney.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and RITTER, JJ., concur.

Ordered that the resignation of Stuart B. Cassell is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stuart B. Cassell is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Stuart B. Cassell shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stuart B. Cassell is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent is required to make restitution and/or reimburse the

Lawyers' Fund for Client Protection for awards made and to be made to the persons whose money or property was willfully misappropriated or misapplied; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), an order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person; and it is further,

Ordered, upon the Court's own motion, that pursuant to Rules of this Court (22 NYCRR) § 691.10 (g), Edward S. Sawchuk, Esq., 489 Fifth Avenue, New York, NY 10017, is appointed as conservator to inventory the respondent's files and take such action as is deemed proper and advisable to protect the interests of the respondent's former clients and for the protection of the interests of the disbarred attorney.